# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SCIENTIFIC GAMES CORPORATION, et al., | Case No. 2:17-cv-00343-JAD-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 17) |
| AGS LLC, | |
| Defendant(s). | |

On February 1, 2017, Petitioners filed a motion to seal, which the Court denied without prejudice on February 16, 2017 for failure to include points and authorities. Docket Nos. 3, 13. On February 22, 2017, Petitioners filed a renewed motion to seal, which is now pending before the Court. Docket No. 17. No response was filed. *See* Docket.

## I.    STANDARDS

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive, or a non-dispositive motion. Whether a motion is

"dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir.), *cert. denied*, 137 S.Ct. 38 (2016).

Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137). This requirement derives from Federal Rule of Civil Procedure 26(c), under which "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citing Fed. R. Civ. P. 26(c)(1)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (internal citation omitted).

On the other hand, parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process").

Lastly, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

**II.    ANALYSIS**

The pending motion seeks to seal Petitioners' motion to compel, as well as exhibits 5, 7, 8, 9, 10, and 12, and Petitioners' reply in support of the motion to compel. *See* Docket No. 17 (motion to seal); Docket No. 1 (motion to compel and exhibits); Docket No. 15 (reply in support of motion

to compel). The Court reviews this motion under the good cause standard. *See Kamakana*, 447 F.3d at 1185-86; *3B Med., Inc. v. Resmed Corp.*, 2016 WL 6818953, at *2 (S.D. Cal. Oct. 11, 2016) (applying the good cause standard in the context of a motion to compel related to an underlying action in a different district).

Petitioners ask the Court to seal the documents at issue because they reference information covered by a stipulated protective order in an underlying action in the Northern District of Illinois. Docket No. 17 at 3. Petitioners contend that, because that information is covered by a stipulated protective order, the documents at issue "may contain trade secrets and other sensitive, non-public business secrets or plans." *Id.*

The mere existence of a stipulated protective order is insufficient to justify sealing. *See Beckman*, 966 F.2d at 476 (internal citation omitted) ("In the instant case, the parties stipulated to a blanket protective order. Reliance will be less with the blanket order, because it is by nature overinclusive . . . [B]ecause the protective order was a stipulated blanket order, International never had to make a 'good cause' showing . . . in the first place"). Moreover, the broad assertion that all of the documents "may" contain trade secrets or other sensitive information falls far short of satisfying the Ninth Circuit's requirement of a "particularized showing" of "good cause." *See Kamakana*, 446 F.3d at 1180 (citing *Foltz*, 331 F.3d at 1136).

In addition, the pending motion seeks to seal in their entirety several exhibits to the motion to compel, without explaining why redaction is not proper instead. The Court also notes that instead of filing the exhibits as separate attachments, Petitioners initially filed their motion to compel and all of its exhibits under seal, as one document. *See* Docket No. 1 at 24-173. Thus, even the exhibits that Petitioners contend should be public have been filed under seal.

### III. CONCLUSION

The motion to seal as currently presented fails to satisfy the good cause standard. Petitioners provide conclusory statements regarding the need for secrecy without articulating the harm that would arise from disclosure, and fail to explain why redaction of certain documents is not possible.

1  The Court hereby **INSTRUCTS** the Clerk's Office to keep the subject documents sealed for the time
2  being.  No later than March 27, 2017, Petitioners shall submit a supplemental brief with
3  particularized reasons showing good cause for sealing the documents or portions of documents
4  Petitioners ask the Court to seal, and supported by a declaration or other competent evidence.  For
5  the documents that Petitioners ask the Court to seal in their entirety, Petitioners must explain why
6  redaction of those documents is not possible.
7       IT IS SO ORDERED.
8       DATED: March 21, 2017.

                                          _____
                                          NANCY J. KOPPE
                                          United States Magistrate Judge