# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SCIENTIFIC GAMES CORPORATION, et al., | Case No. 2:17-cv-00343-JAD-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 19) |
| AGS LLC, | |
| Defendant(s). | |

On February 15, 2017, Respondent filed a motion to seal, which the Court denied without prejudice on February 16, 2017 for failure to include points and authorities. Docket Nos. 5, 13. On February 24, 2017, Respondent filed a renewed motion to seal, which is now pending before the Court. Docket No. 19. Petitioners do not oppose the motion. *See* Docket No. 34 at 3.

**I.   STANDARDS**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive, or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir.),

*cert. denied*, 137 S.Ct. 38 (2016).

Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137). This requirement derives from Federal Rule of Civil Procedure 26(c), under which "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citing Fed. R. Civ. P. 26(c)(1)). This includes, *inter alia*, "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (internal citation omitted).

On the other hand, parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process").

Lastly, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

## II.     ANALYSIS

Respondent seeks to seal portions of certain exhibits to Petitioners' motion to compel. *See, e.g.*, Docket No. 19 at 5-6. Specifically, Respondent asks the Court to seal certain documents attached to Petitioners' motion to compel. Docket No. 1 at 145-160 and 172-173; Docket No. 1-1

at 1-12, 103-118. *See, e.g., id.* The Court reviews this motion under the good cause standard. *See Kamakana*, 447 F.3d at 1185-86; *3B Med., Inc. v. Resmed Corp.*, 2016 WL 6818953, at *2 (S.D. Cal. Oct. 11, 2016) (applying the good cause standard in the context of a motion to compel related to an underlying action in a different district).

      i.      Exhibit 9

These documents contain an Intellectual Property Purchase Agreement between Respondent and a plaintiff in the underlying action; detailed information regarding Respondent's payments for intellectual property; Respondent's banking information and specific transactions; and detailed information about technology purchased by Respondent. *See* Docket No. 1 at 145-160; Docket No. 19 at 5. Respondent submits that releasing the information contained in these documents would harm it because future patent sellers could potentially use the information to demand high prices for the purchase or licensing of patents in the relevant area. *See, e.g.*, Docket No. 19-1 at 2. The Court finds that Respondent has made a particularized showing of good cause to seal these documents. *See, e.g.*, *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, 2016 WL 2593920, at *2 (D. Nev. May 5, 2016) (sealing documents under the more stringent compelling reasons standard because releasing the information at issue would disadvantage the plaintiff in future business negotiations, thereby causing it to suffer competitive harm) (internal citation omitted).

      ii.      Exhibit 10

These documents contain various records of Respondent, e-mail addresses, and detailed financial documents referencing royalty payments that Respondent receives. *See* Docket No. 1 at 172-173; Docket No. 1-1 at 1-12; Docket No. 19 at 5. Respondent submits that releasing the information contained in these documents would harm it because competitors could tailor their product offerings and pricing to undercut Respondent in future dealings with the same customers. *See, e.g.*, Docket No. 19-1 at 2. The Court finds that Respondent has made a particularized showing of good cause to seal these documents. *See, e.g.*, *Tdn Money Sys., Inc., v. Global Cash Access, Inc.*, 2016 WL 4708466, at *2 (D. Nev. Sept. 7, 2016) (sealing documents under the more stringent

compelling reasons standard because disclosure of the information at issue would harm the defendant by allowing competitors to tailor their product offerings and pricing to undercut the defendant in future dealings with the same customers) (internal citation omitted).

### iii. Settlement Agreement

This settlement agreement involves a plaintiff in the underlying action. *See* Docket No. 1-1 at 103-118; Docket No. 19 at 5-6. Respondent does not submit that releasing the information contained in these documents would cause any harm to any person or entity. *See, e.g.*, Docket No. 19-1 at 3. Rather, Respondent simply asserts that a copy of the settlement agreement "was provided to [Respondent] with the understanding of keeping the document confidential." *Id.* The Court finds that this does not constitute a particularized showing of good cause to seal these documents. *See, e.g.*, *Beckman Indus., Inc.*, 966 F.2d at 475 (a party must allege harm and must support that allegation with "specific examples or articulated reasoning" to satisfy the good cause standard).

### iv. Other

Respondent has also filed its response to Petitioners' motion to compel and related exhibits, motion to quash subpoenas and related exhibits, declaration in support of motion to quash subpoenas, and motion for protective order under seal. *See* Docket Nos. 7, 7-1, 7-2, 7-3, 7-4, 10, 10-1, 10-2, 10-3, 10-4, 11, and 14. Respondent's renewed motion to seal, however, does not address these documents in any fashion. *See* Docket No. 19. Thus, Respondent has not made a particularized showing of good cause to seal these documents and, indeed, the Court cannot determine whether Respondent wishes to seal them in the first place.

## III.  CONCLUSION

Respondent has made a particularized showing of good cause to seal the documents at Docket No. 1 at 145-160 and 172-173. However, Respondent has failed to make the particularized showing necessary to seal the documents at Docket No. 1-1 at 103-118. No later than April 11, 2017, therefore, Respondent shall submit a supplemental brief with particularized reasons showing good cause for sealing these documents. Additionally, Respondent shall file, no later than April 11,

2017, a supplemental brief making a particularized showing of good cause to seal Docket Nos. 7, 7-1, 7-2, 7-3, 7-4, 10, 10-1, 10-2, 10-3, 10-4, 11, and 14.  To the extent that Respondent wishes to seal Docket Nos. 7, 7-1, 7-2, 7-3, 7-4, 10, 10-1, 10-2, 10-3, 10-4, 11, and 14, Respondent must also explain why redacting them is not possible.  If Respondent does not submit supplemental briefing as to Docket No. 1-1 at 103-118 and Docket Nos. 7, 7-1, 7-2, 7-3, 7-4, 10, 10-1, 10-2, 10-3, 10-4, 11 and 14 by the deadline set forth herein, the Court will order those documents unsealed.  The Court **INSTRUCTS** the Clerk's Office to keep all of the aforementioned documents under seal pending the Court's complete resolution of Respondent's renewed motion to seal.

       IT IS SO ORDERED.

       DATED: April 3, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge