# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| SCIENTIFIC GAMES CORPORATION, et al., | ) | Case No. 2:17-cv-00343-JAD-NJK |
| Petitioners, | ) | ORDER |
| vs. | ) | (Docket Nos. 1, 10, 14, 42) |
| AGS LLC, | ) | |
| Respondent. | ) | |

Pending before the Court is Petitioners' motion to compel AGS, LLC to comply with Rule 45 subpoena issued in a related proceeding in the Northern District of Illinois. Docket No. 1.[1] Respondent filed a response and Petitioners filed a reply. Docket Nos. 7, 16. Also pending before the Court are Respondent's counter-motions to quash subpoena and for protective order. Docket Nos. 10, 14. Petitioners filed responses to these counter-motions and Respondent filed replies. Docket Nos. 21, 22, 31, 32. The Court finds these motions properly resolved without oral argument. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** without prejudice Petitioners' motion and Respondent's counter-motions.

**I.    BACKGROUND**

Petitioners initiated this action on February 1, 2017. Docket No. 1. Petitioners are defendants in an antitrust case pending in the United States District Court for the Northern District

---

[1] Petitioners also filed a redacted version of the motion to compel on the public docket, pursuant to a court order. Docket No. 42. The motion at Docket No. 42 is substantively identical to the motion at Docket No. 1.

of Illinois ("Illinois action"). *Id.* at 1-2. The lead plaintiff in the Illinois action, Shuffle Tech, alleges that Petitioners unlawfully interfered with its business relationship with a third party, DigiDeal, by bringing sham patent litigation against DigiDeal in 2013. *Id.* at 2. Shuffle Tech seeks approximately $100,000,000 in damages, before antitrust trebling. *Id.* Petitioners submit that Respondent effectively replaced Digideal vis-à-vis Shuffle Tech. *See, e.g.*, *id.* Therefore, at Petitioners' request, the Northern District of Illinois issued a subpoena to Respondent, which listed Las Vegas, Nevada as the place of compliance, on November 29, 2016. *See, e.g.*, *id.* at 2, 86-92. Petitioners seek documents and information from Respondent because they submit that if they are found liable in the Illinois action, Respondent's business relationship with Shuffle Tech will mitigate Shuffle Tech's damages. *See, e.g.*, *id.* When Respondent refused to comply with the subpoena, Petitioners filed a motion to compel in this District pursuant to Rule 45.[2] Docket No. 1.

## II. DISCOVERY DISPUTE

At the heart of Respondent's opposition to complying with the subpoena is its contention that much of the information Petitioners seek constitutes trade secrets and other confidential commercial information. *See, e.g.*, Docket No. 7 at 2, 12-17. *Gonzales v. Google, Inc.* provides the relevant analytical framework for this issue. 234 F.R.D. 674, 684-86 (N.D. Cal. 2006). *See also Takiguchi v. MRI Int'l, Inc.*, 2013 WL 6528507, at *11 (D. Nev. Dec. 11, 2013); *Aevoe Corp. v. AE Tech Co., Ltd.*, 2013 WL 5954570, at *1-*2 (D. Nev. Nov. 6, 2013). The parties, however, do not satisfactorily address these standards. *See, e.g.*, Docket No. 1; Docket No. 7 at 17. Moreover, the Court finds that Respondent has not provided sufficiently detailed explanations as to which specific materials constitute trade secrets or other confidential commercial information, and why. *See, e.g.*, Docket No. 7; *EnvTech, Inc. v. Suchard*, 2013 U.S. Dist Lexis 129642, at *10 (D. Nev. Sept. 11, 2013) ("[I]t is well-settled that a party objecting to discovery must state[] its objection with specificity") (citing Fed. R. Civ. P. 34(b)(2)(C)). As a result of these deficiencies, the Court has insufficient information

---

[2] Unless otherwise stated, all references to "Rules" denote the Federal Rules of Civil Procedure.

with which to rule on the parties' motions.

Additionally, Respondent appears to assume that Nevada law applies to its claim that certain information constitutes trade secrets or other confidential commercial information. *See, e.g.*, Docket No. 7 at 14-16. The parties fail to address whether the definition set forth in *Gonzales* is, in fact, the appropriate framework for the analysis. *See Gonzales*, 234 F.R.D. at 684 ("Trade secret or commercially sensitive information must be 'important proprietary information' and the party challenging the subpoena must make 'a strong showing that it has historically sought to maintain the confidentiality of this information'") (quoting *Compaq Comput. Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)). The Court cannot properly resolve the parties' discovery dispute without adequate briefing on this issue.

Further, this Court might not be in the best position to resolve this dispute for two reasons. First, courts commonly bifurcate discovery where it is initially uncertain whether certain discovery will be necessary. For example, in *Aevoe Corp*, this Court found, under the *Gonzales* framework, that the movants' need for certain discovery was "too speculative" because "the subject documents may become necessary in this case only in the event that several additional steps unfold, which depend on future rulings on motions not currently before the Court." 2013 WL 5954570, at *3. Consequently, the Court denied certain discovery, but invited the movants to file a renewed motion in the event it became necessary. *Id.* at *3-*4. If the Court makes a similar determination here, it will not be able to structure discovery accordingly because the underlying action is located in the Northern District of Illinois. Second, the Court lacks familiarity with Shuffle Tech's business relationship with DigiDeal, which is a key issue in the underlying litigation and in the motions currently before the Court. This will make it difficult for the Court to determine whether, as Petitioners submit, Respondent is "essentially fulfill[ing] DigiDeal's prior role" vis-à-vis Shuffle Tech. Docket No. 1 at 4. Thus, the Court finds that the parties should consider whether the District of Nevada is the proper forum to resolve their dispute. *See* Fed. R. Civ. P. 45(f).

## III. CONCLUSION

For the reasons discussed above, Petitioners' motion to compel and Respondent's counter-motions to quash and for protective order are hereby **DENIED** without prejudice. Docket Nos. 1, 10, 14, 42. The Court **ORDERS** the parties to meet and confer as to whether this action should be transferred to the Northern District of Illinois. The Court further **ORDERS** the parties to file either a stipulation to transfer or renewed motions, no later than May 25, 2017. If the parties choose to file renewed motions, they must tailor their analysis to the appropriate analytical framework as discussed above.

IT IS SO ORDERED.

DATED: May 12, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge