UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SCIENTIFIC GAMES CORPORATION, et al., ) | Case No. 2:17-cv-00343-JAD-NJK |
| )  Petitioner(s), ) | ORDER |
| ) vs. ) | |
| ) AGS LLC, ) | |
| )  Respondent(s). ) | |

Pending before the Court are several discovery motions, which have been fully briefed. Docket No. 44 (motion to quash subpoena); Docket No. 49 (response); Docket No. 52 (reply); Docket No. 45 (motion for protective order); Docket No. 50 (response); Docket No. 53 (reply); Docket No. 46 (motion to compel); Docket No. 47 (sealed, unredacted version of motion to compel); Docket No. 51 (response); Docket No. 54 (reply).

The Court hereby **SETS** a hearing on these motions for 9:30 a.m. on July 24, 2017, in Courtroom 3A.[1] To ensure that counsel are properly prepared for the hearing, the Court provides the guidance below concerning the hearing. Counsel shall be prepared to address all of the below issues, and to offer at the hearing any evidentiary support necessary for their arguments.

---

[1] Except as stated in footnote 6, the Court herein expresses no opinion as to the arguments raised in the pending motions.

I.  **DISCOVERY OF DOCUMENTS**

  A.  **Discovery in Dispute**

As an initial matter, the requests for documents as drafted are very broad. *See, e.g.*, Docket No. 46-7 at 6 ("All Documents referring to or reflecting any Communication between You and Plaintiffs"). The Court is inclined to focus the arguments on the documents sought as narrowed through the meet-and-confer process. In particular, Petitioners offered to narrow the outstanding discovery as follows:

(1) documents sufficient to show the contractual relationship, if any, between AGS and DigiDeal, Shuffle Tech, Aces Up, and/or Poydras-Talrick Holdings;

(2) documents sufficient to show AGS's sales projections for any casino automatic card shufflers covered by AGS's agreement with Shuffle Tech and/or the sales of which will result in any compensation to Shuffle Tech;

(3) documents sufficient to show AGS's current and projected costs for manufacturing any casino automatic card shufflers covered by AGS's agreement with Shuffle Tech and/or the sales of which will result in compensation to Shuffle Tech;

(4) documents sufficient to show when any casino automatic card shufflers covered by AGS's agreement with Shuffle Tech and/or the sales of which will result in any compensation to Shuffle Tech became or will be available for sale, and in what quantity;

(5) documents sufficient to show all payments, royalties, or other financial transfers from AGS to DigiDeal, Shuffle Tech, Aces Up, and/or Poydras-Talrick Holdings; and

(6) documents sufficient to show all projections for future payments, royalties, or other financial transfers from AGS to DigiDeal, Shuffle Tech, Aces Up, and/or Poydras-Talrick Holdings.

*See* Docket No. 46-6 at 13-14.

  B.  **Particular Objections**

The hearing will address <u>individually</u> each discovery request in dispute. The party seeking to avoid third-party discovery bears the burden of persuasion in showing the discovery is improper. *See,*

*e.g.*, *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005). In this case, the parties address numerous objections to the request for documents. The Court will apply the below standards.[2]

### 1. Relevance

Third-party discovery is subject to the overriding limitation of relevance established in Rule 26(b)(1). *See, e.g.*, *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349, *4 (D. Nev. Sept. 29, 2011).[3] The current version of Rule 26(b)(1) continues to provide that discovery sought must be "relevant to any party's claim or defense." At the same time, however, the drafters of the 2015 amendments intentionally omitted language that discovery must be "reasonably calculated to the discovery of admissible evidence" so that it could no longer be interpreted as defining relevance, and case law using such a standard has been abrogated. *See, e.g.*, *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016). Hence, it is clear that relevance for discovery purposes is no longer defined as encompassing information that "appears reasonably calculated to the discovery of admissible evidence." *Id.* at 564 (holding that previous Ninth Circuit authority to the contrary has been abrogated). "The test going forward is whether the evidence is 'relevant to any party's claim or defense.'" *Id.*

Even after the 2015 amendments, courts continue to recognize that discovery relevance remains "broad" in scope. *In re Tier 1 JEG Telecommunications Cases*, ___ F. Supp. 3d ___, 2016 WL

---

[2] Although there is some reference to objections based on attorney-client privilege and work-product protections, *see, e.g.*, Docket No. 44 at 15; Docket No. 46 at 7, it does not appear that such objections remain in dispute, *see, e.g.*, Docket No. 51 (response to motion to compel omitting any reference to an objection based on attorney-client privilege or work-product protections).

[3] The currently-operative version of Rule 26(b)(1) also limits the scope of discovery to that which is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Because the scope of permissible discovery under Rule 45 parallels the scope of discovery permitted by Rule 26, these proportionality considerations apply to third-party discovery disputes. *See, e.g.*, *Argento v. Sylvania Lighting Services Corp.*, 2015 WL 4918065, at *5 (D. Nev. Apr. 18, 2015) (citing *St. Jude Med. S.C., Inc. v. Janseen-Counotte*, 305 F.R.D. 630, 637 (D. Or. 2015)).

7508831, at *1 (S.D. Iowa July 14, 2016); *see also Federal Nat'l Mortg. Assoc. v. SFR Investments Pool 1, LLC*, Case No. 2:14-cv-02046-JAD-PAL, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016).

### 2. Undue Burden

Courts must quash or modify a subpoena if it "subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Undue burden in the context of third-party discovery is the same standard as used regarding discovery served on parties to the litigation. *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012). To meet its burden of persuasion, the objecting party must provide specific facts that indicate the nature and extent of the burden. *See, e.g.*, *Nationstar Mortgage, LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 334 (D. Nev. 2016) (citing *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997)) (addressing undue burden objection in the context of Rule 26). Conclusory or speculative statements of harm, inconvenience, or expense are plainly insufficient. *Id.* (citing *U.S. E.E.O.C. v. Caesars Ent't*, 237 F.R.D. 428, 432 (D. Nev. 2006)). "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quoting *Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)).[4]

### 3. Lack of Responsive Documents

A subpoenaing party is entitled to seek only those documents in the subpoenaed person's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). To the extent responsive documents do not exist for any particular discovery request, the responding party must make that representation along with a detailed explanation of the search for documents that was conducted. *See, e.g.*, *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). The Court may order that responding party to submit a declaration or certification detailing the search conducted and representing that no responsive documents exist. *Cf. F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, at *3 (D. Nev. Aug. 1, 2013); Fed. R. Civ. P. 26(g).

---

[4] In this way, the Court's analysis of relevance may also impact its analysis of undue burden.

### 4. Confidentiality/Trade Secret Objections

Courts may quash or modify a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i).[5] In analyzing an objection made under Rule 45(d)(3)(B)(i), the Court first must determine if the subpoenaed party has shown that the requested information is protected as a trade secret or confidential commercial information. *See., e.g.*, *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006). The party resisting discovery "must make a strong showing that it has historically sought to maintain the confidentiality of this information." *Id.* (quoting *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)). Allegations of harm or prejudice must be supported with specific examples or articulated reasoning. *AFMS LLC v. United Parcel Serv. Co.*, 2012 WL 3112000, * 3 (S.D. Cal. July 30, 2012) ("broad allegations of harm" are insufficient).[6]

Where a subpoenaed party meets that initial burden of showing the information is a trade secret or confidential commercial information, "the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without the undue hardship.'" *Gonzales*,

---

[5] As narrowed, the discovery requests do not require all documents regarding certain information, but only documents "sufficient to show" certain information. Before raising any objection pursuant to Rule 45(c)(3)(B)(i), Respondent shall be prepared to certify that there do not exist sufficient non-confidential documents to satisfy the discovery request without the need to produce confidential documents.

[6] The parties do not dispute that *Gonzales* provides the applicable framework, but Respondent contends that Nevada state law regarding trade secrets is also applicable. *See* Docket No. 44 at 9. Respondent asserts that state law governs "privilege" issues when underlying claims arise under state law and further represents that the Illinois court has applied state substantive law to some (but not all) aspects of the litigation. *See id.* As Petitioners point out, Docket No. 49 at 9 n.5, Respondent's premise is factually erroneous as the cited Illinois court order did not indicate that state law controls any aspect of that litigation. *See Shuffle Tech Int'l, LLC v. Scientific Games Corp.*, Case No. 1:15-cv-03702, Docket No. 48 at 20 (N.D. Ill. Oct. 12, 2015) (asserting that patent-related claims would be decided by Federal Circuit precedent, while antitrust claims would be decided by federal regional appellate precedent). Moreover, even if Respondent were factually correct, the existence of some state law issues in a case premised on federal question jurisdiction does not make state law governing. *Cf. Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005) ("Where there are federal question claims and pendent state law claims present, the federal law of privilege applies"). Nor has a sufficient showing been made as to whether a trade secret objection qualifies as an evidentiary privilege as required for state law to apply. *See* Fed. R. Evid. 501. The Court will apply federal law to this inquiry.

234 F.R.D. at 684. Courts have discussed "substantial need" as requiring a showing that "the requested discovery is relevant and essential to a judicial determination of [the party's] case." *Id.* at 685 (citing *Upjohn Co. v. Hygieia Biological Labs.*, 151 F.R.D. 355, 358 (E.D. Cal. 1993)). The Court must "balance the need for the trade secrets [or confidential information] against the claim of injury resulting from disclosure." *Id.* (citing *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1025 (Fed. Cir. 1986)). "The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of a trade secret or confidential commercial information is sought from non-parties." *Id.* (citing *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003)).

Where the requesting party establishes a substantial need, courts will look to whether procedures exist to mitigate any burden or prejudice to the nonparty. *See* Rule 45(c)(3)(C) (providing that the Court may order production "only upon specified conditions"). In particular, courts often order that the information be produced subject to a protective order. *See, e.g.*, *Gonzales*, 234 F.R.D. at 686. Indeed, courts have determined that "[a] protective order allowing 'confidential' or 'highly confidential' designations is sufficient to protect a nonparty's trade secrets." *AFMS*, 2012 WL 3112000, at *7 (citing *In re McKesson Governmental Entities Average Price Litig.*, 264 F.R.D. 595, 603 (N.D. Cal. 2009)). "The relatively remote potential for inadvertent disclosure of confidential documents does not justify the withholding of discovery altogether." *Id.*[7]

## II.  DEPOSITION TOPICS

Although Petitioners mention in passing their subpoena for a deposition, Docket No. 46 at 4, the motion to compel does not seek an order requiring that the deposition go forward, *see, e.g.*, *id.* at 1 (seeking an order that Respondent "make a full and complete document production in response to Petitioners' Rule 45 subpoena"). For its part, Respondent does appear to seek an order quashing the subpoena for a deposition and for a protective order in that regard, but it provides scant discussion of the deposition topics. *See, e.g.*, Docket No. 44 at 21-22 (simply listing deposition topics and the

---

[7] To be clear, the existence of a means by which disputed information can be protected does not negate the need for the party seeking that information to establish a substantial need for it. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5954570, at *4 n.6 (D. Nev. Nov. 6, 2013) (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990).

objections thereto). The Court will determine at the hearing if the arguments are sufficiently developed to resolve this aspect of the parties' dispute. *Cf. Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts may decline to consider arguments that are not meaningfully developed in the briefing).[8] Nonetheless, counsel shall also be prepared to provide substantive arguments as to their respective positions on the deposition topics.

IT IS SO ORDERED.

DATED: July 13, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[8] Some briefing purports to incorporate by reference arguments made elsewhere. *See, e.g.* Docket No. 44 at 1 n.1 (purporting to incorporate by reference arguments made in nine prior filings). Such a tactic is improper. Most obviously, mass incorporation by reference runs afoul of the page limitation requirements for motion practice. *See* Local Rule 7-3.