# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SCIENTIFIC GAMES CORPORATION, et al., ) | Case No. 2:17-cv-00343-JAD-NJK |
| Petitioner(s), ) | ORDER |
| vs. ) | |
| AGS LLC, ) | |
| Respondent(s). ) | |

Pending before the Court are several discovery motions. Docket No. 44 (motion to quash subpoena); Docket No. 49 (response); Docket No. 52 (reply); Docket No. 45 (motion for protective order); Docket No. 50 (response); Docket No. 53 (reply); Docket No. 46 (motion to compel); Docket No. 47 (sealed, unredacted version of motion to compel); Docket No. 51 (response); Docket No. 54 (reply). The Court has already outlined the standards that will apply with respect to particular objections that were made. Docket No. 57. A hearing is set on these motions for 2:00 p.m. on August 25, 2017, in Courtroom 3D.

The parties have now agreed to move forward with the requests for documents as narrowed by counsel's proposal made during the meet-and-confer process. *See* Docket No. 60. Given that the briefing does not conform to the discovery requests as narrowed, however, the Court hereby orders as follows to ensure that the hearing is productive:

    (1)    The parties shall meet-and-confer regarding the narrowed requests for production by July 28, 2017. Respondent shall identify with specificity, by July 26, 2017, any objections to those discovery requests as narrowed.

    (2)    The parties shall file, by August, 10, 2017, a joint statement regarding each discovery request for which a dispute exists. That joint statement must **separately address each disputed request**, providing the text of the request, the specific objections to it, Respondent's arguments supporting each objection, and then Petitioners' arguments opposing each objection. *Cf.* C.D. Cal. Local Rule 37-2.1 (outlining similar procedure for presenting discovery disputes in the form of joint stipulations).[1] Because this is a joint submission, the page limitations established in the local rules shall not apply. To the extent necessary, the joint statement shall attach any declarations or exhibits that the parties wish to be considered.[2] As the original movants, Docket No. 1, Petitioners shall be responsible for compiling and filing the joint statement, and the parties shall confer on the best mechanism for accomplishing that. *Cf.* C.D. Cal. Local Rule 37-2.2.

    (3)    As noted previously, the Court finds that the arguments regarding any dispute related to deposition topics are not well-developed. *See* Docket No. 57 at 6-7. To the extent a dispute exists regarding deposition topics, that dispute shall be included in the above meet-and-confer and shall be addressed in the joint statement in the manner outlined above (*i.e.*, the joint statement shall include separately for each disputed deposition topic

---

[1] To be clear, the parties must meaningfully address each objection with citation to legal authority. Merely identifying an objection will not suffice. *Cf. Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts may deem waived arguments that are not meaningfully developed). The joint statement must be complete in itself. The parties may not incorporate by reference arguments made elsewhere.

[2] The parties may not simply cite to the docket of either this case or the Illinois case, and instead must attach a copy of any exhibit that they believe should be considered.

the text of the topic, the specific objections to it, Respondent's arguments supporting each objection, and Petitioner's arguments opposing each objection).

(4)     Petitioners shall deliver two courtesy copies of the joint statement (and any declarations and exhibits attached thereto) to the undersigned's box in the Clerk's Office by 3:00 on August 11, 2017.

IT IS SO ORDERED.

DATED: July 21, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge