UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SCIENTIFIC GAMES CORPORATION, et al., | Case No. 2:17-cv-00343-JAD-NJK |
| Petitioner(s), | ORDER |
| vs. | (Docket Nos. 44, 45, 46, 62) |
| AGS LLC, | |
| Respondent(s). | |

Pending before the Court are the parties' discovery motions. Docket Nos. 44, 45, 46. The parties subsequently narrowed the scope of their disputes, and filed a joint statement as to the remaining disputes. Docket No. 62.[1] As ordered by the Court, that joint statement was required to contain a full recitation of all issues remaining in dispute and meaningfully-developed argument that did not refer back to any other filing. Docket No. 61 at 2 n.1. As such, the discovery motions (Docket Nos. 44, 45, 46) are hereby **DENIED** as moot, and the Court will resolve the remaining disputes through the joint statement. The Court finds a hearing on the joint statement unnecessary. *See* Local Rule 78-1. For the reasons discussed below, the subpoenas are **QUASHED** in part and discovery is **COMPELLED** in part.

I. **BACKGROUND**

As the parties are familiar with the background of this case, the Court will not provide extensive discussion of it. Petitioners (collectively "Scientific Games") have been sued in federal court in Illinois

---

[1] The Court will hereafter cite to the joint statement as "J.S."

for antitrust monopolization claims arising out of alleged sham patent litigation ("Illinois Action"). *See, e.g.*, J.S. Exh. 3, at ¶¶ 25, 26. Respondent ("AGS") is a non-party to the Illinois Action, but entered into an intellectual property agreement with one of the Illinois Plaintiffs. *See* J.S. Exh. 4. Scientific Games seeks discovery through subpoena largely targeted at AGS' involvement in developing and selling a card shuffler based on the technology acquired through the intellectual property agreement. *See* Docket Nos. 10-2 (subpoena for deposition), 10-4 (subpoena for documents), 60 (narrowing document requests).

## II. STANDARDS AND ANALYSIS

The parties have narrowed their discovery dispute to four requests for production and four deposition topics. *See* J.S. at 7-35. The Court previously outlined the standards that will be applied to the disputes at issue, Docket No. 57, and incorporates those standards herein.[2]

### A. Requests for Documents

There are four requests for documents that remain at issue. Narrowed Document Request No. 2 seeks documents sufficient to show AGS' sales projections for automatic card shufflers. J.S. at 7. Narrowed Document Request No. 3 request seeks documents sufficient to show AGS' current and projected costs for manufacturing automatic card shufflers. J.S. at 12. Narrowed Document Request No. 4 seeks document sufficient to show when AGS' automatic card shufflers will be sold and in what quantity. J.S. at 16. Narrowed Document Request No. 6 seeks documents sufficient to show all projections related to future payments and royalties to Shuffle Tech. J.S. at 20.

#### 1. Narrowed Document Requests Nos. 2, 3, and 6

Among other objections, AGS makes a confidentiality argument with respect to these three document requests. A third-party can object to the production of subpoenaed documents to the extent that doing so discloses "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). As outlined by the Court previously, the party resisting discovery bears the initial burden of establishing that the information at issue is protected as a trade secret or confidential commercial information. If that burden is met, the burden shifts to the party

---

[2] The Court will not address herein every objection or argument made as to every discovery request or deposition topic in dispute. To the extent any objection or argument is not consistent with the outcome of this order, it was found to be unpersuasive.

seeking discovery to establish a "substantial need" for the information. When a substantial need has been shown, courts will determine whether procedures exist to mitigate any burden or prejudice to the non-party. *See* Docket No. 57.

In this case, AGS filed declarations indicating that it has treated the subject information as highly confidential (J.S. Exh. 9 at ¶ 13) and that it risks competitive disadvantage through disclosure of that information to a competitor that already enjoys a large market share (J.S. Exh. 10 at ¶ 5). Scientific Games contends that this showing is insufficiently detailed for AGS to meet its initial burden. *See, e.g.*, J.S. at 11. The Court disagrees. As an initial matter, confidential projections about product development, including sales, costs and royalties, appear to be well within the scope of information deemed by the Ninth Circuit to be a trade secret or confidential commercial information. *Cf. Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (discussing *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008)). Moreover, courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor. *See, e.g.*, *American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) (collecting cases). In the context of this case, the Court finds AGS has satisfied its burden of establishing the confidential and commercially sensitive nature of the documents requested. *See, e.g.*, *id.* (based on affidavit similar to the declarations submitted here, rejecting arguments that showing was insufficiently developed).

Because AGS has satisfied its initial burden, "the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without undue hardship.'" *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006). Courts have discussed "substantial need" as requiring a showing that "the requested discovery is relevant and essential to a judicial determination of [the party's] case." *Id.* at 685 (citing *Upjohn Co. v. Hygieia Biological Labs.*, 151 F.R.D. 355, 358 (E.D. Cal. 1993)). The information must be "reasonably necessary for a fair opportunity to develop and prepare the case for trial." *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5954570, *3 (D. Nev. Nov. 6, 2013). "The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of a trade secret or confidential commercial information is sought from non-parties." *Gonzales*, 234 F.R.D. at 685 (citing *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003)).

In this instance, Scientific Games has failed to satisfy its burden. With respect to Narrowed Document Request No. 2, Scientific Games contends without elaboration that they "have a substantial need for the information that cannot be otherwise met without undue hardship because the quantity of shufflers [AGS] projects it will sell bears directly on Petitioners' market power and competition in the casino card shuffler market–i.e. Petitioners' alleged monopolization of the casino automatic shuffler market–which are central issues in the Illinois Action." J.S. at 11.[3] With respect to Narrowed Document Request No. 6, Scientific Games states with even less elaboration that "Petitioners have a substantial need for the information that cannot otherwise be met without undue hardship." J.S. at 23.[4] Scientific Games fails to actually explain why that is so, and its *ipse dixit* is not sufficient to carry its burden of establishing a substantial need for the confidential commercial information at issue. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts may deem waived arguments that are not meaningfully developed).

In short, AGS has satisfied its burden of establishing the documents requested through these three requests contain confidential, commercially sensitive information. Scientific Games has not satisfied its subsequent burden of establishing that it has a substantial need for the information.[5]

---

[3] The discovery regarding projections of sales and costs is not essential to the resolution of the Illinois Action as to damages mitigation/offset because (1) AGS has agreed to disclose its actual payments to the Illinois Plaintiffs and costs, *see, e.g.*, J.S. at 5 (representing that "AGS remains willing and able to provide a report as to ACTUAL payments and expense" (emphasis in original)), and (2) any future royalty payment obligation ceases by contractual agreement in early 2018, J.S. at 3; *see also* J.S. Ex. 4 at AGS300105. Consistent with AGS' concession, to the extent any automatic card shufflers are manufactured and/or sold to which royalties or other payments are owed under the existing intellectual property agreement, AGS is **ORDERED** to produce to Scientific Games documents sufficient to show those payments and its expenses within 14 days of the payment made pursuant to the intellectual property agreement.

[4] Conflating relevance and substantial need, Scientific Games' argument with respect to Narrowed Document Request No. 3 is similarly bare. *See* J.S. at 16 (indicating that "as discussed above" in addressing relevancy, there is a "substantial need" for information sought) *but see Aevoe*, 2013 WL 5954570, at *3 (discovery of confidential information is not permitted without a showing of substantial need even if a showing is made as to relevancy).

[5] Having failed to satisfy its burden of showing substantial need, the Court need not opine on whether there are means to protect the information if ordered produced. *See, e.g.*, *Aevoe*, 2013 WL 5954570, at *4 n.6 (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990)).

Accordingly, the Court hereby **QUASHES** the subpoena as it relates to these particular document requests.

### 2. Narrowed Document Requests No. 4

Narrowed Document Request No. 4 seeks documents sufficient to show when AGS' automatic shufflers will be sold and in what quantity. J.S. at 16. AGS' Vice President with intimate knowledge of its records as they relate to this shuffler has stated that there is no current prototype and, as a result, there are no documents showing when any such shuffler will be sold and in what quantity. *See* J.S. Exh. 9 at ¶¶ 20, 27, 29.[6] Given that there is no sufficiently developed shuffler such that a release date or quantity has been set, it would not be possible for AGS to produce documents sufficient to show when the shuffler will be sold and in what quantity. Accordingly, the Court hereby **QUASHES** the subpoena as it relates to this particular document request.[7]

### B. Deposition Topics

There are four deposition topics in dispute. Deposition Topic 1 seeks testimony regarding AGS' relationship with any Plaintiff in the Illinois Action and/or DigiDeal. J.S. at 24. Deposition Topic 2 seeks testimony regarding sales, cost and revenue projections. J.S. at 28. Deposition Topic 3 seeks testimony regarding all payments made by AGS to any Plaintiff in the Illinois Action and/or DigiDeal related to automatic card shufflers. J.S. at 30. Deposition Topic 4 seeks testimony regarding the

---

[6] Although Scientific Games appears to read this document request broadly to require production of documents regarding the state of development of AGS' shuffler generally, *see* J.S. at 19 n. 6 (asserting that documents regarding the fact that the shuffler is not ready for production or sale are responsive to this document request), such a reading is inconsistent with the actual wording of the document request. The document request does not seek projections of a possible timeline for release of the automatic card shuffler, projections of sales quantities, or documents regarding the current state of development. *See* J.S. at 16. Instead, it seeks documents "sufficient to show" when the automatic card shufflers "became or will become available for sale, and in what quantity." *Id.*

[7] Although AGS included argument in the joint statement as to the confidential nature of this information, it did not initially object on this basis. *See* J.S. at 16-17. This raises the possibility that Scientific Games did not have a sufficient opportunity to address that argument with respect to this particular document request. *See* J.S. at 7 (noting the parties could not agree on circulating their joint statement sections). Accordingly, the Court resolves the parties' dispute as to this document request on other grounds.

revenue or profits of any Plaintiff in the Illinois Action in connection with AGS' development and sale of an automatic card shuffler. J.S. at 33

### 1. Deposition Topic 2

Deposition Topic 2 seeks testimony regarding sales, cost and revenue projections. J.S. at 28. AGS objects to this deposition topic on the grounds that, *inter alia*, it requires revelation of trade secret and confidential commercial information. *See* J.S. at 28. For the same reasons as outlined above, the Court hereby **QUASHES** the subpoena as it relates to this particular deposition topic.

### 2. Deposition Topics 1, 3, 4

Deposition Topic 1 seeks testimony regarding AGS' relationship with any Plaintiff in the Illinois Action and/or DigiDeal. J.S. at 24. Deposition Topic 3 seeks testimony regarding all payments made by AGS to any Plaintiff in the Illinois Action and/or DigiDeal related to automatic card shufflers. J.S. at 30. Deposition Topic 4 seeks testimony regarding the revenue or profits of any Plaintiff in the Illinois Action in connection with AGS' development and sale of an automatic card shuffler. J.S. at 33. AGS objects to these deposition topics on two primary premises: (1) that deposition testimony is unduly burdensome and duplicative since corresponding documents have been produced, and (2) that expanding the questioning beyond the scope of the topic could implicate trade secret and commercially sensitive information. *See, e.g.*, J.S. at 24-25. Neither of these positions is persuasive.

First, the Federal Rules of Civil Procedure permit third-party discovery in the form of both deposition testimony and document production. *See* Fed. R. Civ. P. 45(a)(1)(C). It is well-settled that one cannot avoid facing deposition questioning by simply referring to the production of related documents or the service of other discovery responses. *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, at *5-6 (D. Nev. Aug. 1, 2013); *see also Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 333 n.4 (D. Nev. 2016) (service of written interrogatory answers does not render parallel deposition topics improperly duplicative). AGS has not presented any persuasive reason here why it should not sit for deposition questioning on the three remaining topics in dispute simply because it produced related documents.

Second, these three remaining topics in dispute do not directly implicate AGS' trade secret or confidential commercial information and, indeed, corresponding documents have already been produced

to Scientific Games. *See, e.g.*, J.S. at 24. Instead, AGS worries that confidential information may be implicated if deposition questioning goes beyond the scope of the topic as written. *See, e.g.*, J.S. at 25. The Court will not issue an order based on speculation that otherwise permissible deposition questioning may veer off course into improper subjects. To the extent questioning at the deposition may delve unexpectedly into commercially sensitive issues, counsel can address that issue at that time.

The Court has otherwise reviewed these three remaining topics, and finds that they seek relevant and discoverable deposition testimony. As such, AGS is **COMPELLED** to sit for deposition as to Deposition Topics 1, 3, and 4.

### III. CONCLUSION

For the reasons discussed above, the discovery motions (Docket Nos. 44, 45, 46) are hereby **DENIED** as moot. The Court resolves the remaining disputes through the joint statement (Docket No. 62) and the subpoenas are **QUASHED** in part and discovery is **COMPELLED** in part.

IT IS SO ORDERED.

DATED: August 24, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge