# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Scientific Games Corp., et al., <br>     Petitioners, <br> v. <br> AGS LLC, <br>     Respondent | Case No.: 2:17-cv-00343-JAD-NJK <br><br> **Order Overruling Petitioner's Objections, Affirming Magistrate Judge's Order, and Denying Motion to Strike** <br><br> [ECF Nos. 66, 67, 70] |

    This discovery dispute arises from petitioners Scientific Games Corp., Balley Technologies, Inc., and Bally Gaming, Inc.'s (Scientific Games) attempt to obtain documents and deposition testimony from AGS, LLC, which is a third party to a separate court action filed against Scientific Games in the Northern District of Illinois. Magistrate Judge Koppe quashed Scientific Games's third-party subpoena in part and compelled discovery in part. Scientific Games objects to Judge Koppe's order and asks me to overrule the parts of the order quashing the subpoenas and compelling AGS to produce the requested information. I overrule Scientific Games's objections and affirm Judge Koppe's order. AGS also moves to strike Scientific Games's objections for failure to comply with local rules. I deny that motion.

## Background

    Scientific Games makes automatic card shufflers for casino card tables. It is also a defendant in a case pending in the United States District Court for the Northern District of Illinois. The plaintiffs in that case brought antitrust-monopolization claims against Scientific Games arising out of alleged sham patent litigation against DigiDeal, a company that also makes automatic card shufflers. AGS is a non-party to the Illinois action, but it entered into an intellectual-property agreement with Shuffle Tech, one of the Illinois plaintiffs, for technology related to automatic card shufflers. DigiDeal once had a similar agreement with Shuffle Tech, which Shuffle Tech alleges that Scientific Games disrupted by pursuing the sham patent litigation.

1

Scientific Games served AGS with deposition and document subpoenas aimed at AGS's involvement in developing and selling a card shuffler based on the technology acquired from Shuffle Tech. AGS objected to the majority of the requests, so Scientific Games initiated this action with a motion to compel AGS to comply. After the parties met and conferred and narrowed their dispute to specific document requests and deposition topics, they filed a joint statement outlining the remaining issues requiring court attention. The table below outlines the narrowed requests and Judge Koppe's determinations for each:

| Narrowed Document Requests | | Judge Koppe's Order |
|---|---|---|
| No. 2 | Documents sufficient to show AGS's sales projections for any casino automatic card shufflers covered by AGS's agreement with Shuffle Tech and/or the sales of which will result in any compensation to Shuffle Tech. | Quashed |
| No. 3 | Documents sufficient to show AGS's current and projected costs for manufacturing any casino automatic shufflers covered by AGS's agreement with Shuffle Tech and/or the sales of which will result in compensation to Shuffle Tech. | Quashed |
| No. 4 | Documents sufficient to show when any casino automatic card shufflers covered by AGS's agreement with Shuffle Tech and/or the sales of which will result in any compensation to Shuffle Tech became or will be available for sale, and in what quantity. | Quashed |
| No. 6 | Documents sufficient to show all projections related to automatic card shufflers for future payments, royalties, or other financial transfers from AGS to DigiDeal, Shuffle Tech, Aces Up, and/or Poydras-Talrick Holdings. | Quashed |
| **Deposition Topics** | | |
| No. 1 | Your relationship with any Plaintiff and/or DigiDeal, including but not limited to any contractual, corporate, financial, or other relationship related to automatic card shufflers. | Compelled |
| No. 2 | Your sales, cost, and revenue projections for any shuffler using or incorporating technology developed by Shuffle Tech. | Quashed |
| No. 3 | All payments by You to any Plaintiff or DigiDeal related to automatic card shufflers. | Compelled |
| No. 4 | The revenue or profits that any Plaintiff has realized or is entitled to in connection with Your development and sale of any card shuffler. | Compelled |

Judge Koppe quashed document requests nos. 2, 3, and 6 and deposition topic no. 2 because AGS demonstrated that the information was confidential and contained trade secrets,

2

and that AGS risked competitive disadvantage through disclosure to Scientific Games, a competitor that already enjoys a large market share in the automatic-card-shuffler industry.[1] Judge Koppe also determined that Scientific Games did not meet its burden to show that it has a substantial need for the information.[2] Judge Koppe noted that AGS had already agreed to provide a report of actual payments and expenses that AGS has made to Shuffle Tech and AGS presented evidence showing that any future royalty payment obligation ceased in April 2018.[3]

Judge Koppe quashed document request no. 4 because AGS's Vice President of Table Games declared under penalty of perjury that "there is no current prototype [for their automatic card shuffler], and, as a result, there are no documents showing when any such shuffler will be sold and in what quantity."[4] Because it would therefore be impossible to comply with the document request, Judge Koppe quashed the subpoena for that request.

Scientific Games moves for reconsideration of the portions of Judge Koppe's order quashing its subpoenas. It contends that Judge Koppe clearly erred when she determined that AGS established that the information Scientific Games sought was confidential or contained trade secrets. Scientific Games also argues that Judge Koppe's determination that Scientific Games did not meet its burden to show it has a substantial need for the requested information was contrary to law.

## Discussion

### A. Standard of review

A district judge may reconsider any pretrial order of a magistrate judge if it is "clearly erroneous or contrary to law."[5] The clearly erroneous standard applies to a magistrate judge's

---

[1] ECF No. 66.

[2] *Id.*

[3] *Id.*

[4] *Id.* at 5.

[5] 28 U.S.C. § 636(b)(1)(A).

3

findings of fact.[6] "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[7] A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure."[8] The district judge "may affirm, reverse, or modify" the ruling made by the magistrate judge, or remand the ruling to the magistrate judge with instructions.[9]

**B.      Trade-secret and confidential-information discovery standard**

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts."[10] A third-party can object to the production of subpoenaed documents to the extent that doing so discloses "a trade secret or other confidential research, development, or commercial information."[11] In analyzing such an objection, courts must first determine if the subpoenaed party has shown that the requested information is protected as a trade secret or confidential commercial information.[12] The party resisting discovery "must make a strong showing that it has historically sought to maintain the confidentiality of this information."[13]

When a subpoenaed party meets its initial burden, "the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met

---

[6] *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).

[7] *Id.* at 622 (internal quotations marks and citation omitted).

[8] *Glob. Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, No. 3:11-cv-00793, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

[9] L.R. I.B. 3-2.

[10] *High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing *United States v. C.B.S.*, 666 F.2d 364, 371–72 (9th Cir. 1982) (footnotes omitted)).

[11] Fed. R. Civ. P. 45(d)(3)(B)(i).

[12] *See, e.g., Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006).

[13] *Id.* (quoting *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995)).

without undue hardship . . . ."[14] "Substantial need" requires a showing that "the requested discovery is relevant and essential to a judicial determination of [the party's] case."[15] The district judge must "balance the need for the trade secrets [or confidential information against the claim of injury resulting from disclosure."[16] "The determination of substantial need is particularly important in the context of enforcing a subpoena when discovery of a trade secret or confidential commercial information is sought from non-parties."[17] If the requesting party establishes a substantial need, the court then looks to whether procedures exist (i.e., protective orders) to mitigate any burden or prejudice to the nonparty.[18]

**D.     Judge Koppe's order was not clearly erroneous or contrary to law.**

AGS objected to document requests 2, 3, and 6 because they sought "information that is a trade secret and/or confidential commercial information."[19] Notwithstanding those objections, AGS indicated that it did not have "adequate responsive documents" to any of the document requests because "AGS does not have a casino card shuffler fully developed and/or ready for production, mass production[,] or a complete trial in a casino."[20] Because no product exists, AGS contends that it does not have sales projections, manufacturing costs, or a sense of quantities of the product that AGS will eventually produce. To the extent that AGS has draft projections, AGS contends they are speculative and confidential. But in an effort to resolve this matter, AGS agreed to provide to Scientific Games immediate written notice of all actual payments, if any, when paid to Shuffle Tech through April 2018, when all of AGS's payment

---

[14] *Gonzales*, 234 F.R.D. at 684 (citing Fed. R. Civ. P. 45(c)(3)(B)).

[15] *Id.* at 685 (citing *Upjohn Co. v. Hygieia Biological Labs.*, 151 F.R.D. 355, 358 (E.D. Cal. 1993)).

[16] *Id.* (citing *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1025 (Fed. Cir. 1986)).

[17] *Id.* (citing *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003)).

[18] *See* Rule 45(c)(3)(C) (providing that the court may order production "only upon specified conditions").

[19] *See* ECF No. 62-2.

[20] ECF No. 62 at 8.

obligations to Shuffle Tech cease. Judge Koppe determined that AGS's declarations sufficiently showed that AGS treated the subject information as highly confidential and that disclosure to Scientific Games, a major competitor with a large market share, would be prejudicial to AGS.

Scientific Games argues that Judge Koppe's factual finding was clearly erroneous. It contends that AGS "did not argue or demonstrate . . . that its sales projections, . . . current and projected manufacturing costs, . . . or projections of future payments to Shuffle Tech . . . qualified as trade secrets."[21] Scientific Games contends that AGS only argued that it did not possess "adequate" responsive documents. But AGS's first objection to each of these document requests was that they asked for trade secret and confidential information. While AGS argued that it did not possess responsive documents, it also argued that any documents it does have are confidential.[22] AGS's Vice President of Table Products declared that the subject product is under secret and confidential development and that AGS is "particularly concerned about the competitive forces" of Scientific Games gaining access to confidential information.[23] He specifically asserts that the "financial data regarding the Subject Product including current and anticipated development costs has been and will continue to be maintained as confidential."[24]

Judge Koppe's determination that AGS sufficiently demonstrated that the information Scientific Games requested is confidential and contains trade secrets was not clearly erroneous. As Judge Koppe stated, "confidential projections about product development, including sales, costs[,] and royalties, appear to be well within the scope of information deemed by the Ninth

---

[21] ECF No. 67 at 9.

[22] Scientific Games contends that AGS cannot both say that there are no responsive documents and that any responsive documents would be trade secrets. But their position is not inconsistent. AGS repeatedly states that they do not have a product, so don't have fleshed-out documents responsive to Scientific Games's subpoena. However, AGS acknowledges that any draft documents they do have are speculative and inaccurate, and also that those documents contain information that is confidential and qualifies as trade secrets. I see no problem with simultaneously asserting both objections. Also, to the extent that Scientific Games objects to Judge Koppe's decision to quash document request no. 4 because no responsive documents exist, I agree with that determination as well.

[23] ECF No. 62-8 at 3.

[24] *Id.*

Circuit to be a trade secret or confidential commercial information."[25] And disclosure to a competitor is more harmful than disclosure to a noncompetitor.[26] Nothing within Judge Koppe's determination leaves me with the firm conviction that a mistake has been committed.

Scientific Games also contends that Judge Koppe's finding that it did not show it had a substantial need for the information was contrary to law. Judge Koppe determined that, with respect to documents request nos. 2 and 6, Scientific Games conclusorily stated that it has a substantial need for the information because AGS's sales will bear directly on Scientific Games's market power and competition in the market without supporting that contention. As to document request no. 3, Judge Koppe determined that Scientific Games conflated substantial need and relevance, and did not show the former. She also noted that all discovery "regarding projections of sales and costs is not essential to the resolution of the Illinois Action as to damages mitigation/offset" because AGS agreed to disclose all actual payments to Shuffle Tech, and any future royalty payment obligation ceased in April 2018.[27]

Scientific Games disagrees. It contends that, while Judge Koppe identified the correct legal standard for assessing substantial need, she failed to apply that standard to its arguments establishing a substantial need.[28] Scientific Games repeats that the requested information is necessary to defend against Shuffle Tech's alleged damages by showing that Shuffle Tech can mitigate through AGS's royalty payments. Scientific Games points to Shuffle Tech's damages expert in the Illinois action, who calculated Shuffle Tech's damages using a mitigation amount based in part on the payments Shuffle Tech plans to receive from AGS. Scientific Games contends that it needs the requested information to refute that expert report. But, as Judge Koppe pointed out, AGS's agreement to provide written notice of all payments made to Shuffle Tech

---

[25] ECF No. 66 at 3 (citing *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (discussing *In re Elec. Arts. Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)).

[26] *See, e.g.*, *American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) (collecting cases).

[27] ECF No. 66 at 4 n.3.

[28] ECF No. 67 at 12.

before its payment obligations cease renders all additional discovery related to Shuffle Tech's mitigation unnecessary.

Scientific Games also contends that AGS's sales projections are essential to the jury's assessment of Shuffle Tech's claim that Scientific Games monopolized the casino automatic card shuffler market. But Judge Koppe correctly noted that Scientific Games didn't explain *how* the requested information was essential, and it didn't demonstrate why it couldn't meet its need for the information in some other way without undue hardship. So, I find that Judge Koppe's determination that Scientific Games did not show a substantial need for the information was not contrary to law.

**C.    Motion to strike**

AGS moves to strike Scientific Games's motion because it contends that Scientific Games failed to comply with Local Rules IC 2-2(b) and IC 2-2(c).[29] AGS's basis for this motion stems from a notice of non-compliance entered by the clerk's office stating that the documents with the motion "should have been filed as separate entries."[30] Scientific Games's attorney spoke with the CM/ECF Helpdesk after receiving the notice and clarified that the motion was a single pleading seeking review of Judge Koppe's order and that Scientific Games sought no additional relief that would require a separate docket entry. Because Scientific Games did not fail to comply with the local rules and the notice of non-compliance upon which AGS relies was merely a clerical error, I deny AGS's motion to strike.

---

[29] ECF No. 70.

[30] ECF No. 68.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Scientific Games's objections **[ECF Nos. 67] are OVERRULED** and Judge Koppe's order quashing Scientific Games's subpoenas **[ECF No. 66] is AFFIRMED.**

IT IS FURTHER ORDERED that AGS's motion to strike **[ECF No. 70] is DENIED.**

Dated: May 18, 2018

_____
U.S. District Judge Jennifer A. Dorsey